**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

JEFFREY GARDNER,

Plaintiff,

v.

JASON BOHANNAN, et al.,

Defendants.

CIVIL ACTION NO.: 5:24-cv-81

# ORDER

Plaintiff filed a Motion to Amend the Complaint. Doc. 32. Defendants Able, Beers, Bohannan, Jacobs, and Wilson filed a Response in opposition. Doc. 35. Defendant Veal filed a separate Response in opposition. Doc. 36. Plaintiff filed a separate Reply to each Response. Docs. 39, 40. For the following reasons, I **GRANT** Plaintiff's Motion for Leave to Amend the Complaint. I further **GRANT** Plaintiff's Motion to Consolidate and: **DIRECT** the Clerk of Court to **FILE** all pleadings docketed in Civil Action Number 5:24-cv-81 upon the record and docket of Civil Action Number 5:25-cv-79; **CONSOLIDATE** these Civil Action Numbers; and **CLOSE** Civil Action Number 5:24-cv-81 and enter the appropriate judgment of dismissal in Civil Action Number 5:24-cv-81 (this case).

I **ORDER** Plaintiff to file an Amended Complaint in Case Number 5:25-cv-79 within **seven days of the date of this Order**. Plaintiff's Amended Complaint may include:

1. Negligence claims asserted in Case Number 5:24-cv-81 against Defendants Perry, Bohannan, Wilson, Beers, Able and Jacobs;
2. Deliberate indifference claims asserted in Case Number 5:24-cv-81 against Defendants Bohannan, Wilson, Jacobs, Perry, Able, Beers, and Veal;

3. Failure to train claims asserted in Case Number 5:25-cv-79 against Defendant Bohannan;

4. Deliberate indifference claims asserted in Case Number 5:25-cv-79 against Defendants Bohannan and Sandiford;

5. Professional negligence claims asserted in Case Number 5:25-cv-79 against Defendants Veal, Sandiford, Mullis, and FFP Sub; and

6. Punitive damages claims and claims for attorney's fees asserted in both Case Number 5:24-cv-81 and Case Number 5:25-cv-79.

Plaintiff's Amended Complaint will be the operative Complaint in Case Number 5:25-cv-79.

I additionally **ORDER** the parties in the newly consolidated action, Case Number 5:25-cv-79, to conduct a Rule 26 conference within 14 days of this Order and submit a Rule 26 report within 7 days of the Rule 26 conference.

## BACKGROUND

### I. Factual Allegations

Plaintiff filed suit on October 28, 2024. Doc. 1. In his Complaint, Plaintiff alleges that he was held in pretrial detention at Brantley County Jail between August 13, 2023 and August 31, 2023. Id. at 4–7. Over Plaintiff's 19 days at the jail, Defendants failed to give him proper medical care. Id. Plaintiff "was not given a proper medical examination at intake" even though he "appeared to be a medical, mental health, or suicide risk" and "appeared to have behavioral problems." Id. at 5. Plaintiff did not eat or drink water "for days at a time." Id.

Defendant Veal evaluated Plaintiff on August 25, 2023 but, according to Plaintiff, he "never took steps to ensure" Plaintiff received care and "never even followed up with jail staff." Id. at 6. Defendants were aware of Plaintiff's condition but "took no action to get him mental health or further medical treatment." Id. at 7.

On August 30th, several Defendants had to place Plaintiff in a wheelchair to get him into a shower because he was "too weak to stand or walk." Id. On August 31st, Defendants entered

Plaintiff's cell and, two hours later, called EMS to report that Plaintiff "had not eaten in six days and could not get up." Id.

EMS transported Plaintiff to a hospital where he was treated for "severe sepsis, acute kidney injury, severe dehydration, urinary tract infection, hypothyroidism, hypothermia, urinary tract infection, myxedema coma, pneumomediastinum, right pneumothorax, and acute coronary syndrome." Id. at 7–8. Plaintiff alleges that Defendants' actions contravened jail policies. Id. at 8–9. Plaintiff asserts claims for negligence and deliberate indifference and also requests attorney's fees and punitive damages. Id. at 13–14. Plaintiff names as Defendants Jason Bohannan, Jamie Wilson, James Jacobs, Larry Perry, Garrett Able, Christopher Beers, and Dillon Veal. Id. at 2–4.

## II. Gardner II

On August 13, 2025, roughly 10 months after filing this case ("Gardner I"), Plaintiff filed a separate suit in this Court arising out of the same series of occurrences. Gardner v. Davis, 5:25-cv-79, ECF No. 1 (S.D. Ga. Aug. 13, 2025) ("Gardner II"). In Gardner II, Plaintiff alleged claims of negligent violations of ministerial duties, failure to train, deliberate indifference, and professional negligence. Id., pp. 8–19. Plaintiff named as Defendants Len Davis, Jason Bohannan, Dillon Veal, Valarie Sandiford, Jerry Mullis, and FFP Sub, LLC. Id., pp. 2–3.

Defendants in Gardner II filed motions to dismiss on multiple grounds. 5:25-cv-79, ECF Nos. 11, 12, 15, 19. The District Judge partially granted and partially denied Sandiford's motion, Mullis's motion, and FFP Sub's motion. Gardner II, 5:25-cv-79, ECF No. 38, p. 44. The District Judge dismissed all claims against Defendant Davis with prejudice. Id. The District Judge also dismissed some remaining claims based on the claim splitting doctrine, concluding that the dismissals are "without prejudice to the pending motion to amend in Gardner I." Id.

The claims that the District Judge dismissed without prejudice are Plaintiff's claims against Bohannan and Veal, his vicarious liability claims against Mullis, and his vicarious liability claims against FFP Sub. Id. Plaintiff's professional negligence claim against Sandiford, negligent supervision claim against Mullis, and vicarious liability claim against FFP Sub related to Sandiford remain pending in Gardner II. Id.

## III. Plaintiff's Motion to Amend

After filing suit in Gardner II, Plaintiff filed the instant Motion to Amend. Doc. 32. Plaintiff argues that "through discovery," he "learned the new facts necessary to establish and support new claims against both current and additional parties." Id. at 2. Plaintiff explains that the professional negligence claims in Gardner II required a malpractice affidavit, which was executed on August 13, 2025.[1] Id. Plaintiff filed Gardner II on that same day "to ensure the claims were timely commenced." Id. Plaintiff states that he "filed the action in this Court and specifically flagged Gardner I as a related case on his Civil Cover Sheet." Id. Plaintiff also "notified defense counsel of the new filing and expressly mentioned that the parties should discuss consolidation of the two actions." Id. Plaintiff asks the Court to allow him to amend his Complaint to add the claims from Gardner II and to consolidate the two cases. Id. Defendants oppose the Motion. Docs. 35, 36.

## LEGAL STANDARD

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of being served with a responsive pleading.

---

[1] Under Georgia law, a claim for professional negligence requires the plaintiff to "file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." O.C.G.A. § 9-11-9.1(a).

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should further "freely give leave when justice so requires." Id. Leave to amend may be denied, however, "where there is substantial ground for doing so." Coquina Invs. v. TD Bank, N.A., 760 F.3d 1300, 1320 (11th Cir. 2014) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). A motion for leave to amend may properly be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."[2] In re Engle Cases, 767 F.3d 1082, 1108–09 (11th Cir. 2014).

Where there is a Scheduling Order in place, however, Rule 16(b) requires that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998) (citation omitted). The Court must consider Rule 16(b) at the outset. "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Id. at 1419. "The guiding principle of whether a party has 'good cause' is diligence." Collins v. GKD Mgmt., LP, No. 3:19-cv-121, 2022 WL 17420791, at *2 (N.D. Ga. Aug. 31, 2022) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Some factors courts commonly use in ascertaining the required diligence include "(1) whether the movant failed to ascertain facts prior to filing the pleading or failed to

---

2 Notably, no Defendant contends that the amendment would cause any undue prejudice.

acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information." Nutradose Labs, LLC v. Bio Dose Pharma, LLC, No. 22-cv-20780, 2022 WL 17582272, at *2 (S.D. Fla. Dec. 12, 2022) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1419 (11th Cir. 1998)).

**DISCUSSION**

The Court's Scheduling Order sets February 14, 2025, as the deadline for all motions to amend or to add parties. Doc. 16. Plaintiff filed this Motion to Amend on September 23, 2025, roughly seven months later. To prevail, Plaintiff must demonstrate good cause as Rule 16(b) requires, and he must satisfy the Rule 15(a) requirements.

Plaintiff argues he has good cause to amend because "the evidence supporting the new claims did not come to light until months after the amendment deadline and could not reasonably have been discovered earlier." Doc. 32 at 10. At the time he filed the Complaint, Plaintiff states that he only had access to a sick call request, video clips, handwritten logs, a contract between the Brantley County Sheriff's Office and FFP Sub, and Plaintiff's arrest and intake reports. Id. Plaintiff states he had no information at that time about whether Veal had multiple interactions with Plaintiff, whether Veal reviewed any of his records, how Dr. Mullis worked at the jail, and whether Sandiford was the only day-to-day medical provider. Plaintiff contends that he needed that information to state the medical malpractice claims he asserted in Gardner II. Plaintiff also argues that it "did not become apparent until the depositions [of Defendants] that the failure to train and/or properly supervise was a direct cause of Plaintiff's injuries." Id. Plaintiff states that he received discovery responses from Defendants in February 2025 and took fact witness depositions in May 2025. Id. at 11–12. Plaintiff received deposition transcripts in June 2025

and finalized an expert affidavit to support medical malpractice claims on August 13, 2025. Plaintiff "was concerned about the statute of limitations, and more specifically, about whether he could obtain a ruling allowing him to file an amended complaint with the new claims and parties in time to meet the deadline." Id. at 13.

Plaintiff also contends that he meets the requirements of Rule 15 because "[t]here has been no undue delay, no bad faith or dilatory motive, no repeated failure to cure deficiencies by amendments previously allowed, and no prejudice to the defendants (beyond the fact of additional claims)." Id. at 13–14. Plaintiff also argues that Gardner I and Gardner II should be consolidated to "prevent duplicative discovery and inconsistent rulings." Id. at 14.

Defendants Bohannan, Wilson, Jacobs, Perry, Able, and Beers (the "Brantley Defendants") argue in response that Plaintiff did not demonstrate good cause to modify the Scheduling Order because he was not diligent. Doc. 35 at 2. The Brantley Defendants argue that Plaintiff "does not claim that any additional information obtained after [May 13, 2025,] is relevant to his supervisory liability claims against Bohannan and Davis[] or that anything prevented him from asserting those claims at any time after the date of Bohannan's deposition." Id. at 3. The Brantley Defendants argue further that, because three months elapsed between when Gardner last learned new information in Bohannan's deposition and when he filed Gardner II, and four months elapsed between the deposition and when he filed this Motion, Plaintiff does not show diligence. Id. at 3–4.

The Brantley Defendants also argue that the Court should deny Plaintiff's Motion on Rule 15 grounds. Specifically, they argue that "the only claims [from Gardner II] that would be added by consolidation would be the supervisory liability claims against Bohannan and Davis." Id. at 4. The Brantley Defendants argue that amendment would be futile because they moved to

dismiss those claims in Gardner II. Id. Defendant Veal filed a separate Response, also arguing that Plaintiff's request to amend should be denied because Plaintiff possessed "sufficient information to diligently pursue additional claims" prior to the amendment deadline. Doc. 36 at 16.

## I. Plaintiff Shows Good Cause Under Rule 16

Plaintiff seeks leave to amend in order to add claims from Gardner II, and the District Judge has now issued an Order disposing of the motions to dismiss in that case. The surviving claims Plaintiff wants to add include: "Negligent Violations of Ministerial Duties/Negligent Failure to Train or Supervise Employees to Avoid Violations of Ministerial Duties" against Defendant Jason Bohannan; "Supervisory/Failure to Train Liability for Deliberate Indifference under the Eighth and/or Fourteenth Amendments 42 U.S.C. § 1983" against Defendant Jason Bohannan; "Deliberate Indifference under the Eighth and/or Fourteenth Amendments 42 U.S.C. § 1983" against Defendant Valarie Sandiford; and "Professional Negligence" against Defendants Dillon Veal, Valarie Sandiford, Jerry Mullis, and FFP Sub, LLC.[3] Gardner II, 5:25-cv-79, ECF No. 1.

### A. Plaintiff Attempted to Ascertain Facts Before Filing

It appears clear, and potentially undisputed, that Plaintiff did not "fail to ascertain facts prior to filing the Complaint" or fail "to acquire information during the discovery period." Nutradose Labs, 2022 WL 17582272, at *2. Plaintiff explains that he served written discovery requests in January 2025. He also took six fact witness depositions in May 2025 and obtained an expert affidavit to support medical malpractice claims in August 2025. Doc. 32 at 5–8. No

[3] This includes claims for which the District Judge denied Defendants' motions to dismiss, as well as claims the District Judge dismissed without prejudice. See Gardner II, 5:25-cv-79, ECF No. 38.

Defendant disputes this. It is clear, therefore, that Plaintiff took active steps to ascertain the information needed to file the new claims before he filed them.

**B. The Information Supporting the Amendment Was Not Available to Plaintiff**

Plaintiff argues that he did not have enough information to file the Gardner II claims before the amendment deadline passed. On the date he filed Gardner I (October 28, 2024), Plaintiff contends that he had no information identifying Valarie Sandiford, had no information about whether Defendant Veal had additional interactions with him or undertook any review of his records, did not know the extent of Dr. Mullis's supervisory duties, and did not know who worked at the facility day to day. Doc. 32 at 10–11. Plaintiff also "had no information" about training at the jail. Id. at 11. Plaintiff states that Defendants' initial disclosures in December 2024 and January 2025 and Defendants' discovery responses in February 2025 "confirmed the identities of several people already named as defendants and identified Sandiford as a person who might have knowledge about the case." Id. Plaintiff contends that he still, however, did not have enough information to support the new claims. Id. Plaintiff argues that the information critical to his malpractice claims only came out in the May 2025 fact witness depositions.

Defendant Veal argues that Plaintiff had sufficient information to amend prior to the February 14, 2025, the amendment deadline.[4] Doc. 36. Defendant Veal argues that the records Plaintiff had prior to filing suit (the SOAP Note, Brantley Jail policies, and jail logs) were sufficient to allow him to file the new claims, as well. Defendant Veal also contends that Plaintiff had access to significant numbers of records and could have obtained records from his own medical treatment prior to filing suit. Id. at 7. Defendant Veal states that Plaintiff could have learned information about Dr. Mullis on the Composite Medical Board's website. Id.

[4] The Brantley Defendants' argument appears focused purely on whether Plaintiff delayed after he learned information sufficient to file suit. Doc. 35.

Defendant Veal argues that "nothing new with respect to facts asserted as it relates to the Medical Defendants has been added." Id. at 8.

Plaintiff has sufficiently shown that he did not have access to all the necessary information to plead his Gardner II claims prior to the deadline to amend. Regarding Defendant Veal, Plaintiff states that he had no information prior to February 2025 "about whether Veal had any other interactions with Mr. Gardner, reviewed any of Gardner's medical records, or took any action to ensure Mr. Gardner received care following his visit." Doc. 39 at 3. Defendant Veal does not dispute this but, rather, contends that the facts Plaintiff asserted in his original Complaint to support his deliberate indifference claim against Defendant Veal are the same facts he asserted in Gardner II to support his professional negligence claims against Defendant Veal. Doc. 36 at 9–10. But the allegations against Veal in Gardner I and Gardner II are different.

In Gardner I, Plaintiff alleges that Defendant Veal "did absolutely nothing to prevent Mr. Gardner from suffering severe injury or death." Doc. 1 at 13. And in Gardner II, Plaintiff alleges that Veal failed to comply with applicable standards of care by spending an inadequate amount of time examining plaintiff and otherwise failing to conduct a proper examination; failing to assess Mr. Gardner as having an altered mental status and the need for further evaluation; failing to promptly sen[d] Mr. Gardner to a local hospital for further assessment of his overall condition; failing to instruct jail staff to monitor Mr. Gardner; failing to refer Mr. Gardner for further treatment; and failing to take any other action to ensure Mr. Gardner received follow-up care. Gardner II, 5:25-cv-79, ECF No. 1, pp. 17–18. And Plaintiff states in his Motion that "Veal provided testimony critical to plaintiff's ability to identify specific violations of the standard of care and assert his medical malpractice claims" in his deposition. Doc. 32 at 7.

Plaintiff also provided examples of that testimony. For example, Veal testified about whether he reviewed Plaintiff's medical history, whether he took Plaintiff's vitals, and how many times he met with Plaintiff in the jail. Id. Veal argues that Plaintiff had enough information to file a professional negligence claim because he knew of his own mental health issues and possessed medical records and surveillance footage, but that argument does not address the new allegations in the Complaint or Plaintiff's argument about the depositions. Plaintiff also convincingly argues that he did not have sufficient information prior to May 2025, "including information about whether Veal provided instructions to jail staff or whether the 'doctor' who saw Mr. Gardner was, in fact, a doctor" to support a medical affidavit necessary to file a professional negligence claim. Doc. 39 at 5.

Regarding Defendants Mullis and Sandiford, Plaintiff asserted no allegations against either of these Defendants in the original Complaint. Doc. 1. Defendant Veal argues that Plaintiff knew Sandiford's identity and the fact that she possessed relevant information by the time of Veal's initial disclosures on January 3, 2025. Doc. 36 at 12. Defendant Veal also argues that Plaintiff had "most" of the information necessary to allege his Gardner II claims against Veal before he filed Gardner I. Id.

Defendant Veal's arguments about Sandiford do not show Plaintiff had sufficient information to allege a claim against her before the amendment deadline passed. Whether Plaintiff knew Sandiford's identity and that she possessed relevant information is insufficient to allege a claim. Plaintiff argues that he did not learn until May 2025 "that Sandiford was the sole medical provider at the jail during Gardner's detention." Doc. 39 at 4. The full scope of information that Plaintiff alleged against Sandiford was likely not known to Plaintiff until after the amendment deadline.

As for Mullis, Plaintiff argues that "nothing before the May depositions revealed that Mullis had never once visited the jail and had never established any procedures for the provision of care at the jail." Id. Defendant Veal argues that Plaintiff could have learned Dr. Mullis's identity and the fact that he supervised Veal from the Georgia Composite Medical Board website. Doc. 36 at 13. But the simple facts of Mullis's identity and his official supervisory role regarding Defendant Veal are not the extent of the allegations in Plaintiff's professional negligence claim. Plaintiff has, therefore, adequately shown that he did not possess the information necessary to file his professional negligence claim against Mullis until after the amendment deadline.

**C. Plaintiff Did Not Delay in Requesting Leave to Amend**

The Brantley Defendants argue that Plaintiff was not diligent because he had the information he needed to file his Gardner II claims on May 13, 2025 (the date of Bohannan's deposition). Doc. 35 at 3. Because Plaintiff did not file Gardner II until August 13, 2025, and did not file the instant Motion to Amend until September 23, 2025, the Brantley Defendants argue that he impermissibly delayed in seeking leave to amend. Id. at 3–4. Defendant Veal does not make specific arguments about delay. Doc. 36.

Plaintiff does not dispute that he could have added some claims after he took fact witness depositions in May 2025. He argues that he waited because it took until August 2025 to acquire an expert affidavit necessary to file his professional negligence claims. Doc. 40 at 2. Plaintiff explains that he "chose to proceed efficiently and file one comprehensive pleading once all necessary information was in hand." Id. Plaintiff also states that his "consultation with Dr. Herrington (the expert who provided the affidavit) . . . helped inform the supervisory-liability and ministerial-duty claims against Sheriff Davis . . . ." Id.

It is undisputed that Plaintiff did not obtain the affidavit necessary to file his professional negligence claims until August 13, 2025. Doc. 32 at 2. It is also undisputed that Plaintiff filed Gardner II the same day. Id. Plaintiff states in his Motion that, "the following day (August 14, 2025), Mr. Gardner notified defense counsel of the new filing and expressly mentioned that the parties should discuss consolidation of the two actions." Id. This case is therefore distinguishable from situations where a plaintiff learned information critical to additional claims, sat on it for several months, and then later sought leave to amend. See Sosa, 133 F.3d at 1419 ("Despite receiving this information two weeks prior to the deadline for amending her complaint, Sosa waited approximately six months . . . ."); Glenn v. Corizon LLC, No. 21-10021, 2022 WL 1041338, at *6 (11th Cir. Apr. 7, 2022) ("Glenn had not shown diligence in filing the motion to amend as—even in the best light—she waited more than two months after discovering the new information alleged."); S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1242 (11th Cir. 2009) ("Southern Grouts lacked diligence, at the very least, because it waited until August 5, 2008 to file a motion to amend its complaint with information that it had known over a month before when it filed a motion for summary judgment."). Here, no party disputes that an expert affidavit is a necessary condition to filing a professional negligence claim, and no party disputes that Plaintiff filed his professional negligence claim the same day he acquired said affidavit. In addition, no party argues that Plaintiff intentionally delayed after May 2025 when he actually began the process of obtaining the affidavit. As a result, I find that Plaintiff did not impermissibly delay amendment. Plaintiff has made a sufficient showing of diligence to satisfy Rule 16's good cause requirement.

## II. Plaintiff May Amend the Complaint Under Rule 15

The only Rule 15 ground that any Defendant raises is futility. Denial of leave to amend on futility grounds means that "the amended complaint would not survive a motion to dismiss." Christman v. Walsh, 416 F. App'x 841, 844 (11th Cir. 2011) (citing Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010)). However, futility must be clear from the face of the proposed amendment. "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Davie, 847 F.2d 771, 773 (11th Cir. 1988) (citation and punctuation omitted); see Acosta v. Smart Ala., LLC, No. 1:22-CV-1209, 2023 WL 2447597, at *2 (N.D. Ga. Mar. 10, 2023) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper."); Taylor v. Fla. State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("[L]eave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.") (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Defendant Veal argues that Plaintiff's claims against Defendant Mullis are futile because Mullis "cannot be held vicariously liable for the actions of the physician assistant he supervises." Doc. 36 at 15 (citing Zeh v. Maso, 884 S.E.2d 563, 567 (Ga. Ct. App. 2023)). Veal contends this is because the Georgia Physician Assistant Act ("PAA") bars vicarious liability claims against a supervising physician. Id. The District Judge has addressed Veal's Zeh argument as it relates to negligent supervision, concluding that Zeh does not "hold that the PAA displaces the typical duties that exist in a supervisor-supervisee context." Gardner II, 5:25-cv-79, ECF No. 38, pp. 28–30. Given the District Judge's Order, Rule 15's liberal standard, and Defendant Veal's limited briefing on the issue, I do not find that Plaintiff's claim is clearly futile.

The Brantley Defendants also contend that amendment would be futile. Doc. 35. Their argument is entirely premised, however, on the fact that they filed a motion to dismiss in Gardner II. As the District Judge has ruled on the motions to dismiss in Gardner II, this ground for futility fails.

Because Plaintiff's proposed amendments are not clearly futile and there is no indication of undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies, he has satisfied Rule 15's standard for amendment. I, therefore, **GRANT** Plaintiff's Motion to Amend, doc. 32.

## III. Plaintiff's Motion to Consolidate

In addition to seeking leave to amend, Plaintiff also asks the Court to consolidate this case with Gardner II. Plaintiff explains that "[b]oth actions arise from the same detention, involve the same evidence, and present overlapping questions of law and fact." Doc. 32. Defendants do not present any argument in response to this part of the Motion.

The Court may consolidate two actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Authority to consolidate is "discretionary" and the Eleventh Circuit has "encourage[d] trial judges to use Rule 42(a) to eliminate unnecessary repetition and confusion." Jain v. Myers, No. 20-11908, 2024 WL 46654, at *4 (11th Cir. Jan. 4, 2024). It is readily apparent that Gardner I and Gardner II involve common questions of law and fact. In addition, the District Judge has dismissed several claims in Gardner II "without prejudice to the pending motion to amend in Gardner I." Gardner II, 5:25-cv-79, ECF No. 38, p. 20. Further, Defendants do not present any argument opposing consolidation. For these reasons, I **GRANT** Plaintiff's Motion to consolidate.

## CONCLUSION

For the foregoing reasons, I **GRANT** Plaintiff's Motion for Leave to Amend the Complaint. I further **GRANT** Plaintiff's Motion to Consolidate and: **DIRECT** the Clerk of Court to **FILE** all pleadings docketed in Civil Action Number 5:24-cv-81 upon the record and docket of Civil Action Number 5:25-cv-79; **CONSOLIDATE** these Civil Action Numbers; and **CLOSE** Civil Action Number 5:24-cv-81 and enter the appropriate judgment of dismissal in Civil Action Number 5:24-cv-81 (this case).

I **ORDER** Plaintiff to file an Amended Complaint in Case Number 5:25-cv-79 within **seven days of the date of this Order**. Plaintiff's Amended Complaint may include:

1. Negligence claims asserted in Case Number 5:24-cv-81 against Defendants Perry, Bohannan, Wilson, Beers, Able and Jacobs;
2. Deliberate indifference claims asserted in Case Number 5:24-cv-81 against Defendants Bohannan, Wilson, Jacobs, Perry, Able, Beers, and Veal;
3. Failure to train claims asserted in Case Number 5:25-cv-79 against Defendant Bohannan;
4. Deliberate indifference claims asserted in Case Number 5:25-cv-79 against Defendants Bohannan and Sandiford;
5. Professional negligence claims asserted in Case Number 5:25-cv-79 against Defendants Veal, Sandiford, Mullis, and FFP Sub; and
6. Punitive damages claims and claims for attorney's fees asserted in both Case Number 5:24-cv-81 and Case Number 5:25-cv-79.

Plaintiff's Amended Complaint will be the operative Complaint in Case Number 5:25-cv-79.

I additionally **ORDER** the parties in the newly consolidated action, Case Number 5:25-cv-79, to conduct a Rule 26 conference within 14 days of this Order and submit a Rule 26 report within 7 days of the Rule 26 conference.

**SO ORDERED**, this 17th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA